IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

OPAL MARIE BLACKBURN                                                    PLAINTIFF

v.                                    CIVIL NO. 08-2107

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

**MEMORAMDUM OPINION**

Opal Blackburn ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income ("SSI"). (Doc. # 1). The defendant filed an answer to plaintiff's action on August 19, 2008, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 6).

On January 23, 2009, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 11). The defendant states that plaintiff was awarded SSI payments on September 9, 2008, due to mental retardation and an anxiety-related disorder. (Doc. # 12). Because the subsequent SSI award conflicts with the ALJ's finding in this case, dated March 28, 2008, that plaintiff's anxiety and depression were not disabling, the defendant requests that this matter be remanded to allow the Commissioner to reopen the subsequent allowance, combine it with the current claim and remand both to the ALJ for further consideration. On remand, the Appeals Council will instruct the ALJ to request plaintiff's school records and a copy of her GED certificate, as well as obtain another IQ test with information concerning its validity, reliability, and appropriate normative data.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion to remand is hereby **GRANTED** and the case is remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 18th day of February 2009.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE